COOLEY GODWARD KRONISH LLP
JOHN W. CRITTENDEN (101634) (jcrittenden@cooley.com)
FRANK B. GOLDBERG (222263) (fgoldberg@cooley.com)
KATHLEEN E. TREIBER (232353) (ktreiber@cooley.com)
101 California Street
5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Plaintiff
EBAY INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**CV 08 1459**

| | |
|---|---|
| EBAY INC., a Delaware corporation, | Case No. |
| Plaintiff, | **PLAINTIFF EBAY INC.'S COMPLAINT FOR:** |
| v. | **(1) FEDERAL TRADEMARK INFRINGEMENT 15 U.S.C. § 1114;** |
| TELEBAY LLC, a Delaware limited liability company, | **(2) FEDERAL TRADEMARK DILUTION 15 U.S.C. § 1125;** |
| Defendant. | **(3) FALSE DESIGNATION OF ORIGIN 15 U.S.C. § 1125;** |
| | **(4) COMMON LAW TRADEMARK INFRINGEMENT;** |
| | **(5) COMMON LAW UNFAIR COMPETITION;** |
| | **(6) TRADEMARK INFRINGEMENT UNDER CAL. BUS & PROF CODE § 14245;** |
| | **(7) TRADEMARK DILUTION UNDER CAL. BUS. & PROF. CODE § 14247; AND** |
| | **(8) UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*** |

**PARTIES**

1.     Plaintiff eBay Inc. ("eBay") is a Delaware corporation having its principal place of business at 2145 Hamilton Avenue, San Jose, California 95125.

Dockets.Justia.com

2.     On information and belief, Defendant Telebay LLC ("Defendant") is a limited liability company incorporated in the State of Delaware having a place of business at 411 South Bowie Drive, Weatherford, Texas, 76086.

**JURISDICTION AND VENUE**

3.     This Court has jurisdiction of this action under 15 U.S.C. §§ 1119 and 1121 and 28 U.S.C. §§ 1331, 1338, and 1367. This action is filed under the United States Trademark Act of July 5, 1946, as amended, 15 U.S.C. § 1501 *et seq.* (the "Lanham Act").

4.     This Court has personal jurisdiction over Defendant in that Defendant's willful actions herein alleged took place in and/or caused tortious injury to eBay in this jurisdiction.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391, as this is a judicial district in which a substantial part of the events giving rise to the claims occurred.

**COMMON ALLEGATIONS**

**EBAY'S BUSINESS**

6.     eBay is the largest online marketplace in the world. As of June 30, 2007, eBay had over 241 million registered users worldwide. As of December 21, 2007, eBay had over 83 million active users. At any given time, there are approximately 103.6 million listings of items for sale or auction on eBay's online marketplace worldwide, and approximately 6.1 million listings are added per day.

7.     eBay users trade in more than 50,000 categories of goods and services, such as electronics, gifts, collectibles, music, and automobile products, as well as specific designated categories for "Telephones & Pagers" and "Cell Phones & PDA's," the latter of which has a long list of sub-categories including "Phones w/ Service Contracts," "Prepaid phones" and "Calling Cards." For example, as of March 3, 2008, there were over 410,000 listings of items for sale or bid on the ebay.com Web site in the "Cell Phones & PDA's" category. eBay's 2007 Gross Merchandise Bought for telephones, mobile phones and related accessories was in excess of $500 million.

8.     Since its online marketplace was launched in September 1995, eBay has continuously used the mark EBAY in interstate commerce in the United States in connection with its goods and services.

9.     eBay is the owner of numerous U.S. registrations for the marks EBAY and EBAY and Design, the earliest of which was issued on January 19, 1999. These registrations cover a wide variety of goods and services. Each of these registrations is valid, subsisting and has not been abandoned by eBay. eBay has given notice of its registrations by use of the ® symbol and by other means, pursuant to section 29 of the Lanham Trademark Act, 15 U.S.C. § 1111. These registrations include, *inter alia*, the following:

(a)     EBAY word mark (Registration No. 2,218,732) registered January 19, 1999 in International Class 35 (online trading services in which seller posts items to be auctioned and bidding is done electronically, and providing evaluative feedback and ratings of sellers' goods and services, the value and prices of sellers' goods, buyers' and sellers' performance, delivery, and overall trading experience in connection therewith);

(b)     EBAY and Design (claiming color) (Registration No. 2,410,023) registered December 5, 2000 in International Class 35 (online trading services to facilitate the sale of goods by others via a computer network and providing evaluative feedback and ratings of sellers' goods and services, the value and prices of sellers' goods, buyers' and sellers' performance, delivery, and overall trading experience in connection therewith);

(c)     EBAY and Design (Registration No. 2,420,512) registered January 16, 2001 in International Class 35 (on-line trading services to facilitate the sale of goods by others via a computer network and providing evaluative feedback and ratings of sellers' goods and services, the value and prices of sellers' goods, buyers' and sellers' performance, delivery, and overall trading experience in connection therewith);

(d)     EBAY and Design (Registration No. 2,468,781) registered July 17, 2001 in International Class 9 (computer e-commerce software to allow users to perform electronic business transactions conducted in the form of an auction via a global computer network and

computer software featuring information in the field of hobbies, collectibles and a wide variety of products);

(e)     EBAY and Design (Registration No. 2,592,514) registered July 9, 2002 in International Class 38 (telecommunications services, namely the electronic transmission of data and information; paging services);

(f)     EBAY word mark (Registration No. 2,592,515) registered July 9, 2002 in International Class 38 (telecommunications services, namely the electronic transmission of data and information; paging services);

(g)     EBAY word mark (Registration No. 2,700,675) registered March 25, 2003 in International Class 9 (computer e-commerce software to allow users to perform electronic business transactions conducted in the form of an auction via a global computer network and computer database software featuring information in the field of hobbies, collectibles and a wide variety of products);

(h)     EBAY and Design (Registration No. 2,735,542) registered July 8, 2003 in International Class 38 (providing an online, interactive bulletin board for the transmission of messages among computer users concerning hobbies, collectibles, trading, and the sale of items via a global computer network);

(i)     EBAY word mark (Registration No. 2,744,717) registered July 29, 2003 in International Class 38 (providing an online, interactive bulletin board for the transmission of messages among computer users concerning hobbies, collectibles, trading, and the sale of items via a global computer network);

(j)     EBAY and Design (Registration No. 2,759,146) registered September 2, 2003 in International Class 9 (CD ROMs and compact discs featuring information in the fields of hobbies, collecting and auctions; and

(k)     EBAY word mark (Registration No. 2,759,150) registered September 2, 2003 in International Class 9 (pre-recorded audio tapes, CD ROMs, compact discs, audio discs, video discs, and video tapes featuring information in the fields of hobbies, collecting and auctions).

10. In addition, eBay owns a number of U.S. registrations and pending U.S. applications to register marks that incorporate the EBAY or EBAY and Design marks, each of which marks currently is in use in U.S. commerce. All of eBay's marks that consist of or incorporate the term EBAY will hereafter be referred to as the "EBAY Marks."

11. EBAY is a fanciful mark, and thus highly distinctive. The term BAY has no descriptive meaning as applied to an online marketplace or any of the other goods and services covered by eBay's registrations or in connection with which eBay uses the EBAY Marks.

12. eBay has expended considerable effort and expense in promoting the EBAY Marks, and goods and services offered in connection with these marks, both in the United States and internationally, typically spending hundreds of millions of dollars in advertising per year.

13. In addition to its own advertising efforts, eBay has been the subject of thousands of unsolicited stories in television, radio, and print media, highlighting eBay's innovative and successful efforts in online person-to-person trading. eBay has also received numerous awards and recognitions, including a listing in Nielsen's Top 10 Web Brands (ranking eBay 4th) in December 2006; BusinessWeek's "The Global Brand Scoreboard's The Top 100 Brands" (ranking eBay's brand as the 48th strongest brand in the world) in August 2007; Fortune magazine's "Top 100 Fastest Growing Companies" (ranking eBay as 8th) in August 2003; BusinessWeek Online, "The eBay Economy" in August 2003; Red Herring magazine's "The Top 100 Companies Most Likely to Change the World" in May 2001; Harvard Business School's "Entrepreneurial Company of the Year" in May 2000; Forbes magazine's "Favorite Auction Site" in December 1999; Business Week magazine's "Info Tech 100" in July 1999; Ad Week magazine's "Top Marketers of the Year" in May 1999; and The Webby Award's "Top E-Commerce Site" in March 1999.

14. The enthusiasm for eBay's services abroad has been so overwhelming that eBay maintains separate, country-specific Web sites for Australia, Austria, Belgium, Canada, China, France, Germany, Hong Kong, India, Ireland, Italy, Malaysia, the Netherlands, New Zealand, Singapore, Spain, South Africa, Sweden, Switzerland, United Arab Emirates, and the United Kingdom, and it has related Web sites in Argentina, Brazil, Chile, Colombia, Costa Rica,

Dominica, Ecuador, Korea, Mexico, Panama, Peru, Taiwan, Uruguay, and Venezuela. eBay's services are not limited to these foreign countries, however, as eBay serves customers and has registered users from practically every jurisdiction around the globe.

15. As a result of eBay's widespread use of the EBAY Marks worldwide, extensive Internet, television, and print advertising and promotion, continuous and unsolicited media coverage, the high degree of consumer recognition of the EBAY Marks, the strong and loyal base of customers that eBay enjoys for its services, and the absence of any material use of any highly similar mark by others, among other factors, the EBAY Marks are famous within the meaning of Section 43(c) of the United States Trademark Act, 15 U.S.C. §1125(c).

### DISTINCTIVENESS OF THE TERM "BAY"

16. The dominant component of the famous EBAY Marks is the term BAY, which is arbitrary and highly distinctive in the context of an online marketplace.

17. Following on the fame and success of eBay, a number of operators of other online marketplaces and Internet sites have attempted to adopt names and marks that combine the generic term for what the particular site offers or provides with the distinctive BAY suffix of the EBAY Marks, to create a "generic plus BAY" mark. Examples of such marks, the use of which eBay has successfully put a stop to, include: ALTERNABAY (site offering goods related to alternative lifestyles), AUTOBAY (site advertising automobiles for sale), BOATBAY (site offering a "nautical search portal"), BRICKBAY (site offering Lego® bricks), CARBAY (site advertising automobiles for sale), COINBAY (online coin marketplace), EGGBAY (site offering items for egg farmers), EMERGENCYBAY (site offering emergency rescue goods), FOTOBAY (site offering photography-related goods and services), JEWELRYBAY (site offering diamonds and fine jewelry), MEXBAY (Mexican-themed site), MILITARYBAY (site offering military goods), NAZIBAY (site offering Nazi memorabilia), SELLINGBAY (site listing auctions, classifieds, and want ads), and SWAYBAY (site offering surfing related products), among others.

18. The United States Patent and Trademark Office ("PTO") has recognized that the dominant component of the EBAY Marks is the term BAY, refusing third-party registrations on

the ground that the use of BAY combined with a generic or descriptive term is likely to cause confusion with the EBAY Marks.

19. For example, in an Office Action dated June 21, 2005, in Application Serial No. 78/516,920 for the mark FLEABAY for "flea markets," the PTO refused registration because "applicant's mark, when used on or in connection with the identified goods or services, so resembles the marks in U.S. Registration Nos. 2218732, 2420512, 2218732, 2514362, 2555505 and 2913227 (all owned by [eBay]) as to be likely to cause confusion, to cause mistake, or to deceive." A true and correct copy of that Office Action is attached hereto as Exhibit A.

20. Similarly, in an Office Action dated August 24, 2005, in Application Serial No. 78/552,094 for the mark BAY BAZAAR for "[b]usiness management assistance and particularly carrying out tasks necessary for the smooth conduct of sales by auction," the PTO refused registration "because of a likelihood of confusion with the marks in U.S. Registration Nos. 2555505, 2218732, 2410023 and 2420512," all of which are owned by eBay. A true and correct copy of that Office Action is attached hereto as Exhibit B.

21. The PTO has also recognized the distinctiveness of the BAY component in refusing registration to the following marks in light of the EBAY mark: IBAY (Serial No. 76/195,016) and TBAY AUCTION (Serial No. 78/059,732).

22. Likewise, the Court of Appeals for the Ninth Circuit has recognized the distinctiveness of the BAY component of the EBAY Marks. In its opinion in the matter of *Perfumebay.com Inc. v. eBay Inc.*, 506 F.3d 1165 (9th Cir. 2007), the court held that the term "BAY" was the dominant aspect of the EBAY marks, and that with the use of the mark PERFUMEBAY in connection with an online marketplace specializing in perfume, "consumers may no longer associate the usage of the "Bay" suffix with eBay's unique services, specifically the sale of products on an internet-based marketplace. The uniqueness of eBay's mark is diluted in direct proportion to the extent consumers, particularly internet users, disassociate the eBay mark with eBay's services."

23. If others could freely use "generic plus BAY" marks for Web sites offering or advertising whatever the generic thing is, the suffix BAY could become a generic term for

"online marketplace" or "site offering things for purchase or use." That would dilute the distinctiveness of the famous EBAY Marks to the point that they cease to function as unique and distinctive identifiers of eBay's goods or services, to eBay's severe detriment.

### DEFENDANT'S USE OF THE TELEBAY NAME AND MARK

24. Defendant uses the TELEBAY Mark in commerce in connection with an online Web site, available at the Uniform Resource Locator ("URL") http://www.telebay.com that specializes in telecommunications-related services. Defendant's TELEBAY Mark (including as used in connection with the TELEBAY.COM Web site) and TELEBAY.COM domain name are referred to collectively herein as the "TELEBAY Mark."

25. Among the products and services featured on or accessible from the TELEBAY.COM Web site are cell phones, cell phone accessories and pre- and post-paid cell phone service plans, as well as local and long distance telephone service. Defendant uses the TELEBAY mark in connection with offering and/or promoting the aforementioned goods and services. Attached as Exhibit C is a true and correct copy of the TELEBAY.COM home page as it appeared on March 12, 2008. Attached as Exhibit D is a true and correct copy of other relevant pages accessible via direct link from the TELEBAY.COM home page as they appeared on March 6, 2008.

26. The TELEBAY.COM Web site also contains a "mall" feature that links to third-party on-line retail stores featuring a variety of products and services, including electronics, gifts, collectibles, music, and automobile products, and financial, business and travel services. Attached hereto as Exhibit E is a true and correct copy of the "mall" located on Defendant's Web site at the URL http://www.telebaymall.com/index.php?viewCat=2&ID=telebay, as it appeared on March 6, 2008.

27. Defendant's TELEBAY Mark is substantially similar to the EBAY Marks. For example, Defendant's TELEBAY Mark consists of the elements "tel" and "ebay." "Tel" is shorthand for "telephone," which is highly descriptive or generic of Defendant's services. Thus, Defendant's TELEBAY Mark consists of the highly descriptive and/or generic component "tel," and eBay's EBAY mark in its entirety.

28.     Moreover, the TELEBAY Mark follows the same pattern as the many "generic plus BAY" marks that surfaced following the success of eBay.  The term "tele" is highly descriptive or generic of Defendant's services (i.e., the promotion of products and services offered and ordered on-line or by phone), and thus does little to create a unique commercial impression.  In contrast with the weak "tele" prefix of Defendant's TELEBAY Mark, the term "bay" in "telebay" pilfers the most distinctive part of the EBAY marks, and is completely arbitrary as applied to Defendant's services.  As such, the only conceivable reason to incorporate "bay" into Defendant's Mark is that Defendant, as an on-line promoter of goods and services, intends to call to mind the EBAY Marks.  Thus, by combining the generic or descriptive term TELE with the arbitrary term BAY – the dominant and most distinctive part of the designation EBAY – Defendant has created a "generic plus BAY" mark, which calls to mind eBay and suggests "the eBay for telephone services."

29.     The services offered under the TELEBAY Mark are similar to those provided by eBay.  For example, just as eBay makes available a variety of goods and services—including telecommunications-related goods and services—through listings on its Web site, Defendant similarly purports to provide an Internet Web site that features telecommunications goods and services, and also functions as an on-line "mall" for similar goods and services.

30.     Based on the similarities between eBay's EBAY Marks, which are famous, and Defendant's TELEBAY Mark, it is apparent that Defendant intends to call to mind the EBAY Marks.

31.     Defendant's mark also creates a false suggestion of an affiliation or connection with eBay.

32.     However, eBay is not affiliated or connected with Defendant, or with the services Defendant provides under the TELEBAY Mark.

33.     Defendant has refused to cease its infringing use of the TELEBAY Mark despite eBay's express objection.  Rather, Defendant has suggested that eBay should pay Defendant "restitution" in exchange for the TELEBAY.COM domain name.

34.     On information and belief, based on records available from the internet archive service available at the URL http://www.archive.org, Defendant launched the TELEBAY.COM Web site on or about August 2003.  Accordingly, there is no issue as to priority of use.  eBay began using its EBAY mark, and enjoys priority as a result of the filing dates of its trademark registrations, well prior to Defendant's use of the TELEBAY Mark.  Further, the EBAY Marks acquired wide recognition in the general consuming public, and became famous, well prior to Defendant's use of the TELEBAY Mark.

## FIRST CAUSE OF ACTION

### (FEDERAL TRADEMARK INFRINGEMENT)

35.     eBay incorporates by reference paragraphs 1 through 34, inclusive, as if fully set forth here.

36.     The TELEBAY Mark is highly similar to the registered EBAY Marks in appearance, sound, meaning, and commercial impression.

37.     Defendant's services are related to eBay's services.

38.     Both eBay and Defendant offer their services through the same channel of trade, i.e., the Internet.

39.     The instantaneous nature of Internet navigation, the speed at which people navigate and are presented with advertisements, images and/or data on the Internet, and the speed at which consumers perform transactions on the Internet, all tend to increase the risk of confusion or mistake about the source of a product or service.

40.     On information and belief, Defendant adopted the TELEBAY Mark with knowledge of, and the intent to call to mind, create a likelihood of confusion with regard to, and/or trade off the fame of eBay and the registered EBAY Marks.

41.     Defendant continues to use the TELEBAY Mark despite eBay's express objection thereto.

42.     Defendant's continued use of the TELEBAY Mark will injure eBay by causing a likelihood that the public will be confused or mistaken into believing that the goods or services provided by Defendants are endorsed or sponsored by eBay.

43.     eBay has no control over the nature and quality of the goods or services offered by Defendant under the TELEBAY Mark, and eBay's reputation and goodwill will be damaged and the value of eBay's registered marks jeopardized by Defendant's continued use of Defendant's name and marks. Because of the likelihood of confusion between the parties' marks, defects, objections, or faults found with Defendant's services marketed under the TELEBAY Mark could negatively reflect upon and injure the reputation that eBay has established for the services it offers in connection with the registered EBAY Marks. As such, Defendants are liable to eBay for infringement of a registered mark under 15 U.S.C. §1114.

44.     Defendant's acts as alleged above, if not enjoined, will continue. eBay has no adequate remedy at law in that the amount of its damages is difficult to ascertain with specificity.

45.     As a result of Defendant's infringement of eBay's registered marks, eBay has incurred damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the marks.

46.     Defendant's infringement of eBay's registered marks is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a knowing use of eBay's marks and an exceptional case within the meaning of Lanham Act section 35, 15 U.S.C. § 1117. eBay is therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action, and prejudgment interest.

### SECOND CAUSE OF ACTION

### (FEDERAL TRADEMARK DILUTION)

47.     eBay incorporates by reference paragraphs 1 through 46, inclusive, as if fully set forth here.

48.     As a result of the considerable publicity afforded the EBAY Marks, and the strong and loyal base of customers that eBay enjoys for its services, the EBAY Marks have a high degree of consumer recognition, are widely recognized by the general consuming public of the United States as a designation of eBay's services, and are famous.

49.     The EBAY Marks became famous before Defendant adopted the TELEBAY Mark.

50. The TELEBAY Mark incorporates the most distinctive part of the EBAY Marks, i.e., BAY, and also contains the entire EBAY mark, and thus its use is likely to cause an association between the TELEBAY Mark and the EBAY Marks that impairs the distinctiveness of the EBAY Marks and weakens the connection in consumers' minds between the EBAY Marks and eBay's services. Defendant's use of the TELEBAY Mark is likely to cause dilution by blurring based on a number of relevant considerations, including:

   (a) The TELEBAY Mark contains the entire EBAY mark and the marks in their entireties are similar, and the TELEBAY Mark is similar to the EBAY Marks in that the dominant elements of the marks are identical;

   (b) The EBAY Marks are inherently distinctive;

   (c) eBay is engaging in substantially exclusive use of the EBAY Marks;

   (d) The EBAY Marks are widely recognized by the general consuming public;

   (e) On information and belief, Defendant intended to create an association with the EBAY Marks.

51. Defendant's acts as alleged above, if not enjoined, will continue. eBay has no adequate remedy at law in that the amount of its damages is difficult to ascertain with specificity.

52. As a result of Defendant's acts as alleged above, eBay has incurred damages in an amount to be proven at trial consisting of, among other things, diminution in the value of the goodwill associated with the EBAY Marks.

53. Defendant's wrongful use of the TELEBAY Mark is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a willful intent to trade on eBay's reputation or to cause dilution of the famous EBAY Marks and an exceptional case within the meaning of Lanham Act section 35, 15 U.S.C. § 1117. eBay is therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action, and prejudgment interest.

### THIRD CAUSE OF ACTION

### (FEDERAL FALSE DESIGNATION OF ORIGIN)

54. eBay incorporates by reference paragraphs 1 through 53, inclusive, as if fully set

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1077964 v2/SF

12.

PLAINTIFF EBAY INC.'S COMPLAINT

forth here.

**55.** In connection with Defendant's services, Defendant has used in commerce and without eBay's authorization or consent the TELEBAY Mark, which are highly similar to the registered EBAY Marks in appearance, sound, meaning, and commercial impression.

**56.** Such acts are likely to cause confusion and deception among the purchasing public and/or are likely to lead the consuming public to believe that eBay has authorized, approved or somehow sponsored Defendant's use of the TELEBAY Mark in connection with Defendant's goods and services.

**57.** The aforesaid wrongful acts of Defendant constitute the use of a false designation of origin and false description or representation, all in violation of 15 U.S.C. § 1125(a).

**58.** Defendant's false designation of origin and false description through Defendant's use of the TELEBAY Mark has caused, and if not enjoined will continue to cause, irreparable and continuing harm to eBay's marks, business, reputation, and good will, for which eBay has no adequate remedy at law.

**59.** As a direct and proximate result of Defendant's wrongful use of the TELEBAY Mark, eBay has been and will continue to be damaged by, without limitation, the diminution in the value of its trademarks, reputation, business and good will in an amount to be proven at trial.

**60.** Defendant's wrongful use of the TELEBAY Mark is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a knowing use of eBay's Marks and an exceptional case within the meaning of Lanham Act section 35, 15 U.S.C. § 1117. eBay is therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action, and prejudgment interest.

### FOURTH CAUSE OF ACTION

### (COMMON LAW TRADEMARK INFRINGEMENT)

**61.** eBay incorporates by reference paragraphs 1 through 60, inclusive, as if fully set forth here.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1077964 v2/SF

13.

PLAINTIFF EBAY INC.'S COMPLAINT

62.     Defendant's acts alleged herein and specifically, without limitation, Defendant's use of the TELEBAY Mark, infringe eBay's exclusive trademark rights in the EBAY Marks, in violation of the common law.

63.     Defendant's acts as alleged above, if not enjoined, will continue.  eBay has no adequate remedy at law in that the amount of its damages is difficult to ascertain with specificity.

64.     As a result of Defendant's acts as alleged above, eBay has incurred damages in an amount to be proven at trial consisting of, among other things, diminution in the value of the goodwill associated with eBay's marks.

### FIFTH CAUSE OF ACTION

### (COMMON LAW UNFAIR COMPETITION)

65.     eBay incorporates by reference paragraphs 1 through 64, inclusive, as if fully set forth here.

66.     Defendant has engaged in and continues to engage in unfair competition by using the TELEBAY Mark, on information and belief, with the intention of interfering with and trading on the business reputation and goodwill engendered by eBay through hard work and diligent effort.

67.     Defendant's acts have caused eBay competitive injury, as described herein, and specifically have caused eBay to incur damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with eBay's marks.

68.     Defendant's acts as alleged above, and specifically, without limitation, Defendant's use of the TELEBAY Mark, if not enjoined, will continue.  eBay has no adequate remedy at law in that the amount of its damages is difficult to ascertain with specificity.

### SIXTH CAUSE OF ACTION

### (TRADEMARK INFRINGEMENT UNDER CAL. BUS. & PROF. CODE § 14245)

69.     eBay incorporates by reference paragraphs 1 through 68, inclusive, as if fully set forth here.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1077964 v2/SF

14.

PLAINTIFF EBAY INC.'S COMPLAINT

70. Defendant's acts alleged herein and specifically, without limitation, Defendant's use of the TELEBAY Mark, infringe eBay's exclusive trademark rights in eBay's marks, in violation of California Business and Professions Code section 14245.

71. Defendant's acts as alleged above, if not enjoined, will continue. eBay has no adequate remedy at law in that the amount of its damages is difficult to ascertain with specificity.

## SEVENTH CAUSE OF ACTION

### (TRADEMARK DILUTION UNDER CAL. BUS. & PROF. CODE § 14247)

72. eBay incorporates by reference paragraphs 1 through 71, inclusive, as if fully set forth here.

73. The EBAY Marks are distinctive and famous within the meaning of section 14247 of the California Business and Professions Code.

74. Defendant's use of the TELEBAY Mark began after the EBAY Marks became famous.

75. Defendant's continued use of the TELEBAY Mark is likely to cause injury to eBay's business reputation and/or the dilution of the distinctive quality of eBay's famous EBAY Marks, in violation of California Business and Professions Code section 14247.

76. Defendants' acts as alleged above, if not enjoined, will continue. eBay has no adequate remedy at law in that the amount of its damages is difficult to ascertain with specificity.

## EIGHTH CAUSE OF ACTION

### (UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.)

77. eBay incorporates by reference paragraphs 1 through 76, inclusive, as if fully set forth here.

78. By the acts described herein, Defendant has engaged in unlawful and unfair business practices that have injured and will continue to injure eBay in its business and property, in violation of California Business and Professions Code §§ 17200 et seq.

79. Defendants' acts alleged herein have caused monetary damages to eBay in an amount to be proven at trial, and have caused, and will continue to cause, irreparable injury to eBay and its business, reputation, and trademarks, unless and until Defendant is permanently

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1077964 v2/SF

15.

PLAINTIFF EBAY INC.'S COMPLAINT

enjoined.

80. As a direct and proximate result of Defendant's conduct alleged herein, Defendant has been unjustly enriched and should be ordered to disgorge any and all profits that it earns or has earned as a result of such unlawful conduct.

### PRAYER FOR RELIEF

**WHEREFORE,** eBay prays:

81. That this Court grant preliminary and permanent injunctive relief enjoining Defendants and all others acting in concert with and having knowledge thereof, from using the TELEBAY Mark, and any similar trade name or mark or variant thereof, or other "generic plus BAY" mark, as a trade name, trademark, service mark, domain name, or for any other purpose;

82. That this Court order Defendants to account to eBay any and all revenues and profits that Defendants have derived from their wrongful actions and to pay all damages which eBay has sustained by reason of the acts complained of herein, and that such damages be trebled;

83. That this Court award eBay the costs of this action and reasonable attorney's fees and expenses;

84. That the Court order the Registrar of the TELEBAY.COM domain name to cancel the registration.

85. That this Court grant such other and further relief as it should deem just.

Dated: March 14, 2008

COOLEY GODWARD KRONISH LLP
JOHN W. CRITTENDEN (101634)
FRANK B. GOLDBERG (222263)
KATHLEEN E. TREIBER (232353)

John W. Crittenden (101634)
Attorneys for Plaintiff
EBAY INC.